IN THE COURT OF COMMON PLEAS
GREENE COUNTY, OHIO

FILED
2022 JUN 10 AM 10: 05
AJ WILLIAMS
COMMON PLEAS COURT
GREENE COUNTY, OHIO

ALLEN JEFFERY
3309 Renfro Ave.
Cincinnati, OH 45211

    Plaintiff,

vs.

LOWE'S HOME CENTERS, LLC
Serve: Corporation Service Company
3366 Riverside Drive STE 103
Upper Arlington, OH 43221

and

JOHN DOE EMPLOYEE #1-10 c/o
Lowe's Home Centers, LLC
6300 Wilmington Pike
Centerville, OH 45459

and

UNITED HEALTHCARE SERVICES, INC.
*Serve: CT Corporation System*
4400 Easton Commons Way, Suite 125
Columbus, OH 43219

    Defendants.

Case No.
2022CV0309

JUDGE BUCKWALTER

**COMPLAINT FOR PERSONAL INJURY**

---

Now comes Plaintiff Allen Jeffery, by and through counsel, and for her Complaint against the Defendants hereby states the following:

**PARTIES**

1. Plaintiff Allen Jeffery resides at 3309 Renfro Avenue Cincinnati, OH 45211 and has resided there at all times relevant herein.

2. Defendant John Doe Employee #1-10's address is unknown and he was, upon information and belief, acting within the course and scope of his employment at all times relevant herein.

3. Defendant Lowe's Home Centers, LLC (herein "Lowe's") is a company doing business in Ohio at 6300 Wilimington Pike Centerville, OH 45459 and has been doing business there at all times relevant herein.

4. Defendant Erie Insurance Company (herein "Erie") is a company doing business in Ohio and, upon information and belief, has been doing business in Ohio at all relevant times herein.

5. Defendant United Healthcare is a company providing health insurance in Ohio and has been doing business in Ohio at all times relevant herein.

## JURISDICTION AND VENUE

6. Plaintiff Allen Jeffery incorporates paragraphs 1 through 5 as if fully rewritten herein.

7. The Greene County Court of Common Pleas has jurisdiction over and venue is proper for the claims herein against Defendant John Doe Employee #1-10 as the events giving rise to this Complaint took place in Greene County, Ohio.

8. The Greene County Court of Common Pleas has jurisdiction over and venue is proper for the claim herein against Defendants Lowe's and Defendant United as they are doing business in and the events giving rise to this Complaint took place in Greene County, Ohio.

9. Plaintiff Allen Jeffery seeks damages in excess of twenty-five thousand dollars ($25,000.00).

10. Jurisdiction and venue are proper under OH Civ. R. 3 (C)(2), (3), and (6).

## COUNT I
### (Defendant John Doe Employee #1-10's Negligence)

11. Plaintiff Allen Jeffery incorporates paragraphs 1 through 10 as if fully rewritten herein.

12. On or about June 20, 2020, Plaintiff Allen Jeffery was a business invitee of Defendant Lowe's located at 6300 Wilmington Pike Centerville, OH 45459.

13. At or about that time, upon information and belief, there existed a dangerous, hazardous condition involving 5 gallon driveway-sealer buckets that were not properly secured and/or placed out on the floor.

14. At or about that time, Defendant John Doe Employee #1-10, while acting in the course and scope of his or her employment, failed to properly secure and/or place the 5 gallon driveway-sealer buckets, causing them to fall on Plaintiff.

15. Defendant Lowe's, through Defendant John Doe Employee #1-10, had a duty to avoid creating a dangerous or hazardous condition in their store that could, and eventually did, harm Plaintiff.

16. As a direct and proximate result of Defendant John Doe Employee #1-10's negligence, Plaintiff Allen Jeffery has suffered potentially permanent physical injuries causing pain and suffering in an amount to be proven at trial.

17. As a direct and proximate result of Defendant John Doe Employee #1-10's negligence, Plaintiff Allen Jeffery has incurred medical expenses in an amount to be proven at trial.

18. As a direct and proximate result of Defendant John Doe Employee #1-10's negligence, Plaintiff Allen Jeffery has suffered loss of income and other economic expenses in an amount to be proven at trial.

19. As a direct and proximate result of Defendant John Doe Employee #1-10's negligence, Plaintiff Allen Jeffery has sustained a loss of the enjoyment of his life and will continue to

do so for the rest of his life.

## COUNT II
### (DEFENDANT LOWE'S VICARIOUS LIABILITY)

20. Plaintiff Allen Jeffery incorporates paragraphs 1 through 19 as if fully rewritten herein.

21. Plaintiff Allen Jeffery states that at all relevant times hereto, Defendant John Doe Employee 1-10 was an employee, agent, or servant of Defendant Lowe's.

22. In the time period leading up to June 20, 2020, Defendant John Doe Employee 1-10 acted negligently in that he or she created an unreasonable, dangerous, and hazardous condition that caused Plaintiff's injuries.

23. As a direct and proximate result of the negligent acts committed by Defendant John Doe Employee 1-10, within the course and scope of his or her relationship with Defendant Lowe's described herein, Defendant Lowe's is vicariously liable for the aforesaid acts of Defendant John Doe Employee 1-10 pursuant to the doctrine of *respondeat superior*.

24. As a direct and proximate result of the negligence of Defendant Lowe's, Plaintiff Allen Jeffery has been damaged in an amount in excess of $25,000.00.

## COUNT III
### (DEFENDANT LOWE'S'S NEGLIGENT HIRING, RETENTION, TRAINING, AND SUPERVISION)

25. Plaintiff Allen Jeffery incorporates paragraphs 1 through 24 as if fully rewritten herein.

26. Upon information and belief, the aforesaid actions of Defendant John Doe Employee 1-10 took place while he was an employee under the direction, supervision, and control of Defendant Lowe's.

27. Defendant Lowe's accepted or implied a duty to properly train Defendant John Doe Employee 1-10 to follow all safety policies while providing maintenance on Lowe's grounds.

4

28. Defendant Lowe's negligently hired, retained, trained, and supervised Defendant John Doe Employee 1-10 whose acts directly and proximately caused injuries to Plaintiff Allen Jeffery.

29. Defendant Lowe's knew or should have known Defendant John Doe Employee 1-10 was acting recklessly, willfully, or intentionally upon information and belief.

30. It was reasonably foreseeable to Defendant Lowe's that Defendant John Doe Employee 1-10's employment without adequate training or supervision would lead to the injury of one or multiple persons on Lowe's grounds.

31. Despite the actual or constructive knowledge discussed above, Defendant Lowe's failed to exercise reasonable care to adequately train and supervise Defendant John Doe Employee 1-10 in the course and scope of his employment.

## COUNT VI
### (Defendant United Subrogation)

32. Plaintiff Allen Jeffery incorporates paragraphs 1 through 30 as if fully rewritten herein.

33. Upon information and belief, Plaintiff Allen Jeffery may have had medical assistance with or received payments from Defendant United for care and treatment rendered due to injuries sustained in the aforementioned accident.

34. Defendant United is or may be subrogated to a portion of Plaintiff Allen Jeffery's claim against Defendants and should be required to assert its interest or otherwise be forever barred from doing so as to any party hereto.

35. Plaintiff Allen Jeffery states that Defendant United has or may have an interest in this action and should assert its right of subrogation at this time or be forever barred from doing so.

5

WHEREFORE, Plaintiff Allen Jeffery demands judgment against Defendant John Doe Employee #1-10 and Defendant Lowe's in an amount in excess of $25,000.00, plus costs incurred herein and any other relief the court deems proper.

WHEREFORE, Plaintiff Allen Jeffery demands that Defendant United set forth their subrogation, if any, or forever be barred from the collection thereof.

Respectfully Submitted,

Joel A. Buckley (0099278)
Monica L. Carson (0098652)
Michael S. Kahan (0090864)
David M. Jones (0091118)
JONES KAHAN LAW, LLC
Attorneys for Plaintiff Allen Jeffery
2321 Kemper Lane
Cincinnati, OH 45206
Telephone: (513) 813-4000
Facsimile: (888) 447-1859
jbuckley@jklawoffices.com
mkahan@jklawoffices.com
djones@jklawoffices.com

**TO THE CLERK OF COURTS:**

Please serve the foregoing documents upon Defendants, via certified mail, in accordance with the Ohio Rules of Civil Procedure, at the following addresses:

LOWE'S HOME CENTERS, LLC
Serve: Corporation Service Company
3366 Riverside Drive STE 103
Upper Arlington, OH 43221

and

UNITED HEALTHCARE SERVICES, INC.
*Serve: CT Corporation System*
4400 Easton Commons Way, Suite 125
Columbus, OH 43219

_____
Joel A. Buckley (0099278)
Attorney for Plaintiff Allen Jeffery

A.J. WILLIAMS
**GREENE COUNTY CLERK OF COURTS**
45 NORTH DETROIT STREET
XENIA, OH 45385



9414 7266 9904 2189 1195 09

9590926699042189119502
**2022 CV 0309**
LOWES HOME CENTERS LLC
SERVE CORPORATION SERVICE COMPANY
3366 RIVERSIDE DRIVE STE 103
UPPER ARLINGTON OH 43221



9590 9266 9904 2189 1195 02