UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| ALLEN JEFFERY, | : |
| Plaintiff, | : Case No. 3:22-cv-188 |
| v. | : Judge Thomas M. Rose |
| LOWE'S HOME CENTERS, LLC, *et al.*, | : |
| Defendants. | : |

**ENTRY AND ORDER GRANTING DEFENDANT LOWE'S HOME CENTERS, LLC'S MOTION FOR SUMMARY JUDGMENT (DOC. NO. 18)**

Presently before the Court is Defendant Lowe's Home Centers, LLC's Motion for Summary Judgment ("Motion") (Doc. No. 18). In the Motion, Defendant Lowe's Home Centers, LLC ("Lowe's") seeks summary judgment on Plaintiff Allen Jeffery's ("Jeffery") claims of vicarious liability for negligence and negligent retention, hiring, and supervision. (Doc. No. 18 at PageID 77.) Lowe's argues that the condition that caused Jeffery's injury was an open and obvious hazard, meaning Lowe's was not negligent. (*Id*. at PageID 85.) In response, Jeffery alleges that genuine issues of law and fact exist that make this case unsuitable for summary judgment. (Doc. No. 19 at PageID 132.)

For the reasons discussed below, Defendant Lowe's Home Centers, LLC's Motion for Summary Judgment is **GRANTED**.

**I.     BACKGROUND**

On June 26, 2020, Jeffery went to the Lowe's location on Wilmington Pike in Centerville,

1

Ohio to purchase blacktop sealer.[1] (Doc. Nos. 18 at PageID 79; 19 at PageID 152.) Jeffery was able to purchase three buckets of blacktop sealer, but realized that he would need more. (Doc. No. 18-1 at PageID 100-101.) After waiting a period of time for employees to make more buckets available, Jeffery went to a manager and asked him to have a pallet of buckets ready around noon or 1:00 p.m. that afternoon. (*Id*.)

A pallet consists of 36 buckets arranged in a square formation on top of a wooden platform, stacked three buckets high. (Doc. Nos. 18 at PageID 82-83; 18-1 at PageID 105.) Each bucket of blacktop sealer is 5 gallons and weighs approximately 50-60 pounds. (Doc. No. 18-1 at PageID 101.) A pallet of buckets is typically wrapped in a sheet of plastic. (*Id*. at PageID 102.) The buckets additionally have a clear piece of plastic, approximately one inch thick, that is intertwined within the handles of the buckets. (*Id*. at PageID 102, 108.)

Jeffery returned to Lowe's the same day and located the pallet of blacktop sealer. (*Id*. at PageID 103.) Jeffery lifted one of the buckets from the pallet, which led to around eight additional buckets falling off the pallet and hitting Jeffery in the knee. (*Id*.) The impact of the buckets knocked Jeffery back approximately 15 to 20 feet. (*Id*. at PageID 103-104.)

On June 10, 2022, Jeffery filed his Complaint for Personal Injury ("Complaint") in the Court of Common Pleas for Greene County, Ohio. (Doc. No. 4.) This action was removed to federal court by Lowe's on July 8, 2022. (Doc. No. 1.) Lowe's filed the present Motion on June 30, 2023 (Doc. No. 18) and Jeffery filed his response on July 28, 2023 (Doc. No. 19). Lowe's

---

[1] In future filings before this Court, counsel for the Parties should take much greater care in their citations both to the factual record and to the law. For instance, both Parties cite to page 10 of Jeffery's deposition in their fact sections. However, neither party attached page 10 of Jeffery's deposition to their filings. Indeed, this error was repeated with several other pages of Jeffery's deposition. This is concerning because on the, albeit minor, point of when this accident happened Jeffery's Complaint states a date of June 20, 2020, Lowe's Motion states a date of January 26, 2020, and Jeffery's response states a date of June 26, 2020. (Doc. Nos. 4 at PageID 29; 18 at PageID 79; 19 at PageID 152.) Similarly, in Jeffery's response to Lowe's Motion, he cites to Ohio R. Civ. P. 56(F) and cites to Ohio caselaw interpreting that rule. (Doc. No. 19 at PageID 147.) It should go without saying that this is not the rule federal courts apply. These types of errors are unnecessary from diligent professionals.

2

filed its reply on October 2, 2023. (Doc. No. 21.) The matter is fully briefed and ripe for review and decision.

## II. LEGAL STANDARDS FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure provides that "[a] party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought" and that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment has the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, affidavits or sworn declarations, and admissions on file, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also* Fed. R. Civ. P. 56(a), (c). The burden then shifts to the non-moving party, which "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). In opposing summary judgment, the nonmoving party cannot rest on its pleadings or merely reassert its previous allegations. *Id*. at 248-49. It also is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving party must "go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. *Celotex Corp.*, 477 U.S. at 324.

A party's failure "to properly address another party's assertion of fact as required by Rule 56(c)" can result in the court "consider[ing] the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e). Additionally, "[a] district court is not ... obligated to wade through and search

3

the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

In ruling on a motion for summary judgment, it is not the judge's function to make credibility determinations, "weigh the evidence[,] and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249, 255. In determining whether a genuine issue of material fact exists, the court must assume as true the evidence of the nonmoving party and draw all reasonable inferences in that party's favor. *Id*. at 255; *Matsushita*, 475 U.S. at 587; *Tolan v. Cotton*, 572 U.S. 650, 660 (2014). However, the "mere existence of a scintilla of evidence in support of the" nonmoving party is not sufficient to avoid summary judgment. *Anderson*, 477 U.S. at 252. "There must be evidence on which the jury could reasonably find for the plaintiff." *Id*. The inquiry, therefore, "asks whether reasonable jurors could find by a preponderance of the evidence that the" nonmoving party is entitled to a verdict. *Id*.

### III. ANALYSIS

Lowe's argues that it is entitled to summary judgment because the pallet of blacktop sealer was not a hazardous condition and, even if it was, it was an open and obvious hazard. (Doc. No. 18 at PageID 85-92.) Moreover, Lowe's contends that it had no actual or constructive knowledge of any hazardous condition. (*Id*. at PageID 92-6.) Finally, Lowe's argues that Jeffery assumed the risk when he attempted to handle the buckets. (*Id*. at PageID 96-7.)

In response, Jeffery argues that the hazard created by the buckets was not open and obvious because the plastic banding was imperceptible and he was told the pallet was ready by a Lowe's manager. (Doc. No. 19 at PageID 140-44.) He further alleges that Lowe's created the hazardous condition by failing to remove all of the plastic from the pallet before telling Jeffery it was ready

4

for purchase. (*Id*. at PageID 144-46.) Finally, Jeffery contends that *res ipsa loquitur* should apply in this action. (*Id*. at PageID 146-47.)

The Court finds that this case can be resolved by addressing the open and obvious doctrine and Jeffery's invocation of *res ipsa loquitur*.

### A. The Open and Obvious Doctrine

It is well-settled in Ohio that the elements of negligence are: "(1) the existence of a legal duty, (2) the defendant's breach of that duty, and (3) injury that is the proximate cause of the defendant's breach." *Wallace v. Ohio DOC*, 96 Ohio St. 3d 266, 274, 2002-Ohio-4210, at ¶ 22, 773 N.E.2d 1018, 1025-26 (Ohio 2002) (citing *Mussivand v. David*, 45 Ohio St. 3d 314, 318, 544 N.E.2d 265, 270 (Ohio 1989)). "The failure to prove any one of these elements is fatal to a claim of negligence." *Rieger v. Giant Eagle, Inc.*, 157 Ohio St. 3d 512, 516, 2019-Ohio-3745, at ¶ 10, 138 N.E.3d 1121, 1125 (Ohio 2019).

"'A shopkeeper ordinarily...has the duty to warn its invitees of latent or hidden dangers. When applicable, however, the open-and-obvious doctrine obviates the duty to warn and acts as a complete bar to any negligence claims.'" *Dorsey v. Lowe's Home Centers, LLC*, No. 1:20-cv-2774, 2023 U.S. Dist. LEXIS 41183, at *13, 2023 WL 2456587, at *6 (N.D. Ohio Mar. 10, 2023) (quoting *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St. 3d 79, 80, 2003-Ohio-2573, at ¶ 5, 788 N.E.2d 1088, 1089-90 (Ohio 2003)). Under the open and obvious doctrine, "a shopkeeper is under no duty to protect business invitees from dangers 'which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them.'" *Hupp v. Meijer Stores Ltd. P'ship*, 2006-Ohio-2051, at ¶ 14 (Ohio Ct. App. 2006) (quoting *Sidle v. Humphrey*, 13 Ohio St. 2d 45, 45, 233 N.E.2d 589, 590 (Ohio 1968)).

Courts will decide, as a matter of law, whether a hazard is open and obvious if only one conclusion can be drawn from the established facts. *Dorsey*, 2023 U.S. Dist. LEXIS 41183, at *14, 2023 WL 2456587, at *6. Ohio courts use an objective standard when determining if a danger is open and obvious. *Williams v. Strand Theatre & Cultural Arts Ass'n., Inc.*, 2019-Ohio-95, at ¶ 24 (Ohio Ct. App. 2019). "'[T]he determinative question is whether the condition is discoverable or discernible by one who is acting with ordinary care under the circumstances. A dangerous condition does not necessarily need to be observed by the injured party, it just objectively needs to be observable.'" *Dorsey*, 2023 U.S. Dist. LEXIS 41183, at *14, 2023 WL 2456587, at *6 (quoting *Uhl v. Thomas*, 2009-Ohio-196, at ¶ 16 fn. 1 (Ohio Ct. App. 2009)).

The only evidence that is indicative of whether the plastic banding intertwined among the bucket handles was open and obvious comes from Jeffery himself.[2] Jeffery's deposition states as follows:

> Q: Okay. That's – no, that's all I was getting at.
>
> So this plastic that ran through the – through the buckets, did it run through the handles? Is that what you're telling me?
>
> A: I guess, sir. You know, I – I – I never – see, I never have – I never – all I see is the – the – the plastic like you see onto the – the picture there, you know? And I presumed when that was off, it was ready to go.
>
> Q: The one-inch piece of plastic you were talking about, do you remember what color that was?
>
> A: Clear.

---

[2] Courts considering whether a hazard is open and obvious typically review photographs to aid in the determination. *Dorsey*, 2023 U.S. Dist. LEXIS 41183, at *15, 2023 WL 2456587, at *7; *see also Hupp*, 2006-Ohio-2051, at ¶ 19; *McGee v. Lowe's Home Ctrs.*, 2007-Ohio-4981, at ¶ 16 (Ohio Ct. App. 2007). In this case, Lowe's included photographs of two separate pallets with different types of buckets. (Doc. No. 18 at PageID 82-83.) However, these photographs show pallets that are still fully wrapped in plastic and the plastic banding that is intertwined among the bucket handles cannot be seen. Consequently, the photographs are of little use to deciding the matter at hand.

> Q: It was clear?
>
> A: (Nodded head up and down.) Well, yeah, clear.
>
> Q: Did you see that before or after the buckets fell?
>
> A: *There was a piece cut right there, but it wasn't – it wasn't – when I seen the piece cut, I thought it was all right. But, see, it was intertwined between them handles, and I didn't see that.* I never had – I never had broke a pallet down.

(Doc. No. 18-1 at PageID 107-108 (emphasis added).)  Jeffery's testimony demonstrates that he saw the plastic banding and assumed that it was alright for him to remove a bucket because the banding had been cut.  Inherently, if Jeffery was able to notice the plastic banding at one spot, then he would have been able to observe the plastic banding was intertwined among the bucket handles with even a cursory look at the other buckets.  Put simply, since Jeffery was able to observe the plastic banding at one point on the pallet, the hazard was observable at other points.

Therefore, the Court finds that the banding was an open and obvious condition that obviates Lowe's duty in this case.

### B. *Res Ipsa Loquitur*

Jeffery also argues that this case calls for a narrow application of *res ipsa loquitur*. (Doc. No. 19 at PageID 146.)

> A plaintiff must establish two elements for the doctrine of *res ipsa loquitur* to apply: '(1) [t]hat the instrumentality causing the injury was, at the time of the injury, or at the time of the creation of the condition causing the injury, under the exclusive management and control of the defendant; and (2) that the injury occurred under such circumstances that in the ordinary course of events it would not have occurred if ordinary care had been observed.'

*Estate of Hall v. Akron Gen. Med. Ctr.*, 125 Ohio St. 3d 300, 305, 2010-Ohio-1041, at ¶ 27, 927 N.E.2d 1112, 1118 (Ohio 2010) (quoting *Hake v. George Wiedemann Brewing Co.*, 23 Ohio St. 2d 65, 66-67, 262 N.E.2d 703, 705 (Ohio 1970)).

7

Jeffery argues that the Court should apply *res ipsa loquitur* in this case because the pallet was within the exclusive control of Lowe's.  (Doc. No. 19 at PageID 146.)  Specifically, Jeffery argues that the pallet of blacktop sealer was not ready for public consumption until all of the security layers were removed.  (*Id*.)  Indeed, Jeffery contends, "**[i]t is not plausible in any realm of any universe, however**, that a customer could have disturbed a pallet of blacktop sealer whose secondary security layer, or banding, had **not yet been removed**."  (*Id*. at PageID 147-48 (emphasis in original).)

Multiverse theory aside, Jeffery unfortunately lives in, at least, one of the realms of one of the universes where a customer disturbing a pallet with a security band on it is plausible.  Ohio courts have consistently held that, "'a premises occupier will not be deemed to have exclusive control over an object where the public has access to it.'"  *Ray v. Wal-Mart Stores, Inc.*, 2013-Ohio-2684, at ¶ 60, 993 N.E.2d 808, 826 (Ohio Ct. App. 2013) (quoting *Hansen v. Wal-Mart Stores, Inc.*, 2008-Ohio-2477, at ¶¶ 22-23 (Ohio Ct. App. 2008)); *see also Hutchinson v. Lowes Home Ctrs., LLC*, No. 21-4048, 2022 U.S. App. LEXIS 15093, at *6, 2022 WL 1773720, at *2 (6th Cir. 2022); *Dorsey*, 2023 U.S. Dist. LEXIS 41183, at *11 fn. 5, 2023 WL 2456587, at *5 fn. 5.  While Lowe's employees would have been responsible for placing the pallet in an open area, once the pallet was in an open area it was within public access.  Jeffery does not point to any caselaw contra, nor does he point to any caselaw supporting his theory that a security device on a product renders that product under the exclusive control of a defendant.

Therefore, the Court finds the application of *res ipsa loquitur* in this case would not be appropriate.

### C. Request for Additional Discovery

Jeffery also argues that this case is not ripe because Lowe's discovery responses were

8

untimely and non-responsive.  (Doc. Nos. 19 at PageID 147; 22 at PageID 188-89.)  Specifically, Jeffery seeks additional time to get discovery responses regarding the following information:

> a. Employees and/or managers allowed to move pallets of blacktop sealer.
> b. Employees and/or managers allowed to remove the protective wrap off pallets of blacktop sealer
> c. Defendant's training and/or entrustment policies as it would relate to any employee authorized to handle pallets of blacktop sealer.
> d. The existence of any incident reports that would support Jeffery's version of events.
> e. The employees and/or managers on duty the date of the incident to further identify who Jeffery spoke to prior to the incident taking place

(Doc. No. 19 at PageID 147-48.)

> Under Fed. R. Civ. P. 56(d):
>
> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

The purpose behind Rule 56(d) is to ensure that plaintiffs receive "'a full opportunity to conduct discovery' to be able to successfully defeat a motion for summary judgment." *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).  "A district court does not abuse its discretion in denying discovery when the discovery requested would be irrelevant to the underlying issue to be decided."  *In re Bayer Healthcare & Merial Ltd. Flea Control Prods. Mktg. & Sales Practices Litig.*, 752 F.3d 1065, 1074 (6th Cir. 2014) (quoting *U.S. v. Dairy Farmers of Am., Inc.*, 426 F.3d 850, 862 (6th Cir. 2005)).  In deciding a Rule 56(d) motion, the Court must consider "[a] number of different factors," including:

> (1) when the [plaintiff] learned of the issue that is the subject of the desired discovery[;] (2) whether the desired discovery would...change[ ] the ruling[;] (3) how long the discovery period ha[s] lasted[;] (4) whether the [plaintiff] was dilatory in [his] discovery efforts[;] and (5) whether the [defendants] [were] responsive to

9

discovery requests[.]

*Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1196–97 (6th Cir.1995) (internal citations omitted).

As an initial matter, a timeline of this litigation is useful to deciding Jeffery's request. The Court held its Preliminary Pretrial Conference on September 16, 2022 and ordered discovery to close on March 31, 2023. (Doc. No. 9.) On April 20, 2023, the Court extended the discovery period to May 31, 2023. (Doc. No. 12.) On April 20, 2023, Jeffery served the relevant discovery requests on Lowe's. (Doc. No. 19 at PageID 156.) Lowe's produced two videos on May 30, 2023, after Jeffery's counsel reached out regarding the tardy discovery. (*Id*. at PageID 156-57.) Jeffery did not ask Lowe's for additional responsive material until July 12, 2023. (*Id*. at PageID 157.)

Jeffery's discovery requests essentially sought the names of the Lowe's employees who were involved in this incident, Lowe's training materials for handling pallets of blacktop sealer, and any incident reports created by Lowe's regarding Jeffery's accident. (Doc. No. 19 at PageID 147-48.) Presumably, all of this is information Jeffery would have wanted to know from the outset of the litigation. The discovery period, including the extension, lasted eight and a half months. Jeffery did not ask for this information until after the original discovery period had ended and he first served the requests on the day the extension was granted. Furthermore, Jeffery did not reach out to Lowe's regarding their overdue responses until the day before discovery ended. At no point did Jeffery file a motion to compel or seek an informal discovery conference to resolve the issue. Moreover, as discussed above, the Court found that the hazardous condition cited by Jeffery was open and obvious because Jeffery himself testified that he noticed the clear banding. The Court also found that *res ipsa loquitur* does not apply because the pallet was within public access. Jeffery's discovery requests would not negate these findings and, consequently, would not affect

this ruling.

Consequently, the *Plott* factors weigh against granting Jeffery's request. Jeffery had ample time in discovery to seek the desired discovery, but he chose to wait until the last minute to ask for information that he must have known was relevant from the outset. Jeffery was clearly dilatory in seeking the information needed for his case. Moreover, as explained above, Jeffery's own testimony sinks his case. Thus, the information sought in these discovery request would not change the Court's ruling.

Therefore, Jeffery's request for additional time for discovery under Fed. R. Civ. P. 56(d) is **DENIED**.

### IV. <u>CONCLUSION</u>

For the reasons stated above, the Court **GRANTS** Defendant Lowe's Home Centers, LLC's Motion for Summary Judgment (Doc. No. 18).

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, October 17, 2023.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE